UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 11, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:  *Harry F. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
     Civil No. 23-2320-CDA

Dear Counsel:

On August 24, 2023, Plaintiff Harry F. petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for benefits. ECF 1. This case was referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 5) and the parties' briefs (ECFs 6, 8). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will AFFIRM the SSA's decision.

## I.     PROCEDURAL BACKGROUND

Plaintiff protectively filed a claim for Disability Insurance Benefits on October 19, 2018, alleging a disability onset date of May 17, 2012. Tr. 24. His claim was denied initially and on reconsideration. *Id.* On January 9, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 49–70. On February 21, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 21–44. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision is final for purposes of judicial review, *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant

---

[1] The Court substitutes Martin O'Malley, the current Commissioner of the Social Security Administration, as Defendant. *See* Fed. R. Civ. P. 25(d).

*Harry F. v. O'Malley*
Civil No. 23-2320-CDA
July 11, 2024
Page 2

work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of May 17, 2012 through his date last insured of June 30, 2018." Tr. 26. The ALJ found that, during this period, Plaintiff had the following severe impairments: "Spine disorder, Dysfunction of major joints, Migraines, Traumatic Brain Injury ('TBI'), Depression, Anxiety, and Post-traumatic stress disorder ('PTSD')." *Id.* The ALJ also found that Plaintiff suffered from non-severe obesity during this period. *Id.* The ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" during this period. Tr. 27. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: He must have a sit/stand option that allows him to sit or stand alternately, at 30-minute intervals, provided that he remains on task while in either position during the work period. He can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch but never crawl. He can never work around unprotected heights or moving mechanical parts. He can perform no jobs that require exposure to very bright lights or very loud noises. He can tolerate occasional exposure to wetness. He is able to perform simple, routine tasks but cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. He can perform jobs in a low stress work environment defined as requiring only occasional decision making and occasional changes in the work setting. He can tolerate occasional interaction with coworkers, with the public, and with supervisors. He must have a sit/stand option that allows him to sit or stand alternatively at 30 minute intervals, provided that he remain on task while in either position during the work period.

Tr. 30. The ALJ determined that Plaintiff could not perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 37–38. Thus, the ALJ concluded that Plaintiff was not disabled during the relevant period. Tr. 39.

### III.    LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

*Harry F. v. O'Malley*
Civil No. 23-2320-CDA
July 11, 2024
Page 3

### IV. ANALYSIS

Plaintiff's brief comprises a description of Plaintiff's impairments, the medical evidence of record, Plaintiff's treatment following a truck accident, and Plaintiff's symptoms. *See* ECF No. 6 at 1–3. Plaintiff asserts that the evidence "clearly" and "obviously" demonstrates his entitlement to benefits. *Id.* at 3. In response, Defendant avers that "[t]he ALJ's decision is supported by substantial evidence and consistent with the regulations and caselaw and should be affirmed." ECF No. 8 at 6.

In an action for judicial review of an SSA decision, "the burden of sustaining the claim for benefits is on the claimant[.]" *Adams v. Flemming*, 276 F.2d 901, 903 (2d Cir. 1960); *accord Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, Sims must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion."); *see also Flor V. D. v. Comm'r, Soc. Sec. Admin.*, No. SAG-22-3200, 2024 WL 1214287, at *3 (D. Md. Mar. 21, 2024) (affirming the SSA's decision where a plaintiff "filed a brief which [was] largely a summary of her medical history" and "d[id] not allege any error on the part of the SSA"). A plaintiff challenging an SSA decision must "support [their] assertions of fact by citations to particular parts of the record." Fed. R. Civ. P. Supp. Soc. Sec. R. 5. Plaintiff has not done so here, nor has he explained how the ALJ's decision lacks the support of substantial evidence or fails to apply proper legal standards. Instead, he summarized the evidence. This leaves the Court unable to discern any grounds for reversal, so the Court must affirm the ALJ's decision.

### V. CONCLUSION

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

          Sincerely,

          /s/

          Charles D. Austin
          United States Magistrate Judge